liCALOGERO, Chief Justice,
dissenting from writ denial.
Defendant is sixty-eight years old and has been given a thirty year sentence when, upon proof that he fulfilled his part of his cooperation agreement with the state, he would have received a suspended sentence. Defendant’s counsel of record, despite the severity of the sentence imposed, and the sentencing court’s advice when he imposed sentence that in order for there to be a motion to reconsider sentence it had to be filed within thirty days of sentence’s imposition, did not file a motion to reconsider the sentence. Rather, on appeal, counsel faulted the sentencing judge’s failure to take into account the health and age of the sixty-eight year old defendant, for whom a thirty-year sentence is tantamount to a life sentence. Notably, defendant’s counsel of record has been so affected by alcoholism, and was engaged in such grave misconduct, that this Court once suspended him from the practice of law for eighteen months. L.S.B.A. v. Stewart, 500 So.2d 360 (La.1987).
Because cooperation agreements are enforceable conditions of a plea bargain if the defendant can show he lived up to his end of the agreement, see State v. Louis, 94-0761 (La. 11/30/94), 645 So.2d 1144, I would grant this writ and order the district court to conduct an evidentiary hearing at which relator would have the opportunity to show, if he can, that he fully cooperated with the police in compliance with the terms of his plea bargain and that he should therefore receive *849 a suspended sentence or should be allowed to withdraw his guilty plea.